# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>OTONIEL GUERRERO,<br><br>Defendant. | Case No.   2:15-cr-00688-DSF-15<br><br>ORDER OF DETENTION<br><br>[Fed. R. Crim. P. 31.1(a)(6);<br>18 U.S.C. § 3143(a)(1)] |

I.

On November 8, 2024, Defendant Otoniel Guerrero ("Defendant") appeared before the Court for initial appearance on the petition and warrant for revocation of supervised release issued in this matter, Case No. 2:15-cr-00688-DSF-15. The Court appointed Andre Townsend of the CJA Panel to represent Defendant.

///

///

II.

Pursuant to Federal Rule of Criminal Procedure 32.1(a)(6) and 18 U.S.C. § 3143(a) following Defendant's arrest for alleged violation(s) of the terms of Defendant's ☐ probation / ☒ supervised release, the Court finds that:

   A.   ☒   Defendant submitted to the Government's Request for Detention – specifically, Defendant stated that he would take no position on the question of detention and would make no argument in favor of release at this time;

   B.   ☒   Defendant has not carried his burden of establishing by clear and convincing evidence that he will appear for further proceedings as required if released [18 U.S.C. § 3142(b-c)]. This finding is based on:
   - Demonstrated inability to comply with Court supervision;
   - Active use of illegal drugs;
   - Unemployed status.

   D.   ☒   Defendant has not carried his burden of establishing by clear and convincing evidence that he will not endanger the safety of any other person or the community if released [18 U.S.C. § 3142(b-c)]. This finding is based on:
   - Demonstrated inability to comply with Court supervision;
   - Active use of illegal drugs;
   - Unemployed status;
   - Extensive criminal history.

III.

In reaching this decision, the Court considered: (a) the nature and circumstances of the offense(s) charged, including whether the offense is a crime of violence, a Federal crime of terrorism, or involves a minor victim or a controlled substance, firearm, explosive, or destructive device; (b) the weight of evidence

against the defendant; (c) the history and characteristics of the defendant; and (d) the nature and seriousness of the danger to any person or the community. [18 U.S.C. § 3142(g).] The Court also considered the report and recommendation of the U.S. Pretrial Services Agency.

IV.

IT IS THEREFORE ORDERED that Defendant be detained pending further proceedings.

Dated: November 8, 2024

_____
MARIA A. AUDERO
UNITED STATES MAGISTRATE JUDGE